# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| RHONDA HOUK TRIPLETT, | ) |
| Plaintiff, | ) |
| vs. | )    CV 12-J-2060-NW |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on the record and brief of the Commissioner.[1] This court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal or remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

Plaintiff filed her application for Disability Insurance Benefits on January 27, 2009, alleging a disability onset of September 15, 2008, which was amended to January 20, 2009 (R. 29, 45-46), due to problems from back pain, numbness in right arm, scoliosis and arthritic changes in lumbar spine, hypertension, chronic obstructive pulmonary disease (COPD), anxiety and panic disorder (R. 143). The

---

[1]The Commissioner filed a brief in support of the Commissioner's decision (doc. 9). The plaintiff failed to file a brief with this court in support of her position. However, the record before the court does contain plaintiff's brief to the Appeals Council (R. 183-190). The court notes that said brief refers to the treatment records of a Dr. McCord (R. 185). The record does not include any treatment records of a Dr. McCord. The court also notes that said brief refers to a Ms. Hendrix as the claimant (R. 188). The plaintiff/claimant in this case is Rhonda Triplett.

application was denied initially and after hearing before an Administrative Law Judge (ALJ). The ALJ's determination became the final decision when the Appeals Council denied plaintiff's request for review. (R. 1-3)

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims ... [the] court must scrutinize [the] record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law

Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

**DONE** and **ORDERED** this 16th day of January 2013.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE